UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOM JAMES COMPANY, ENGLISH AMERICAN TAILORING COMPANY, INDIVIDUALIZED SHIRT COMPANY, OXXFORD CLOTHES XX, INC., HOLLAND & SHERRY, INC., FRANKLIN CLOTHING COMPANY, IAG INDUSTRIAL CENTER, INC., THE HANCOCK COMPANY, THE PICKETT COMPANY, CROSSVILLE FABRIC CHILE S.A., and TOM JAMES CHILE S.A,, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 1:20-cv-01415-JPH-DML |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS BASED ON LACK OF PERSONAL JURISDICTION**

**I.     INTRODUCTION**

Zurich American seeks dismissal of the claims of Certain Plaintiffs[1] because, as to those claims, the Court does not have personal jurisdiction over Zurich American. This case arises out of losses all Plaintiffs have allegedly suffered to their manufacturing and retail businesses due to various governmental entities' enactment of ordinances intended to mitigate the spread of the COVID-19 Coronavirus. Plaintiffs' Complaint alleges that they maintain retail and manufacturing facilities in Maryland, New Jersey, Illinois, New York, Pennsylvania, Tennessee and Chile. But Certain Plaintiffs

---

[1] Certain Plaintiffs include: English American Tailoring Company; Individualized Shirt Company; Oxxford Clothes XX, Inc.; Holland & Sherry, Inc.; Franklin Clothing Company; IAG Industrial Center, Inc.; The Hancock Company; The Pickett Company; Crossville Fabric Chile S.A.; and Tom James Chile S.A.

do not allege that they maintain any offices or retail or manufacturing facilities in Indiana. Nor do Certain Plaintiffs allege that they have suffered any injury in Indiana. Further, facts outside the Complaint establish that none of Certain Plaintiffs have locations within Indiana.

Based on the lack of any allegation or evidence that Zurich American purposefully directed its activities as to Certain Plaintiffs *toward Indiana*, the Court does not have personal jurisdiction over Zurich American as to those claims. First, the Court lacks general jurisdiction over Zurich American because Zurich American is not incorporated in Indiana and its principal place of business is not in Indiana.[2]

But the Court also lacks specific jurisdiction over Zurich American. Specific personal jurisdiction over a nonresident defendant arises when defendant has "purposefully directed" its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. Here, Zurich American did not direct its activities at Indiana residents with respect to Certain Plaintiffs, who are not Indiana residents. Nor can Certain Plaintiffs show that their injuries arise out of any conduct Zurich American directed at Indiana residents, because Zurich American engaged in no such conduct, and because Certain Plaintiffs suffered no injuries in Indiana.

Because the Court lacks personal jurisdiction over Zurich American, it must dismiss the claims of all Plaintiffs except Tom James Company.

## II. RELEVANT FACTS

### A. Allegations In Plaintiffs' Complaint

Tom James Company is a custom clothing and interior decoration fabrics retailer. It alleges that it has "executive offices" in Indiana. (Complaint ¶ 2.) Certain Plaintiffs are apparent subsidiaries of the Tom James Company with retail and manufacturing facilities in Maryland, New Jersey, Illinois,

---

[2] Zurich American is incorporated in New York, with its principal place of business in Illinois. (See Exhibit 1, Declaration of Peter J. Eckardt, ¶ 4.)

New York, Pennsylvania, Tennessee and Chile. (Complaint, ¶¶ 2, 28.) Certain Plaintiffs allege that they operate in each of those locations and have suffered and continue to suffer injury due to their local governments' enactment of governmental actions and ordinances intended to lessen the spread of the COVID-19 Coronavirus. (Complaint, ¶¶ 2, 21.) Certain Plaintiffs allege that, based on those local governmental actions and ordinances, Certain Plaintiffs have been forced to close their facilities or to greatly reduce production. (Complaint ¶ 28.) None of Certain Plaintiffs alleges that it operates retail or manufacturing facilities in Indiana or that it has suffered any injury in Indiana:

    a.    Plaintiff ENGLISH AMERICAN TAILORING COMPANY is a manufacturing facility operating in Maryland and incorporated in Delaware;

    b.    Plaintiff INDIVIDUALIZED SHIRT COMPANY is a manufacturing facility operating in New Jersey and incorporated in Delaware;

    c.    Plaintiff OXXFORD CLOTHES XX, INC. is a manufacturing facility operating in Illinois and incorporated in Illinois;

    d.    Plaintiff HOLLAND & SHERRY, INC is an interior and apparel sales facility in New York and incorporated in New York;

    e.    Plaintiff FRANKLIN CLOTHING COMPANY is a manufacturing facility operating in Pennsylvania and incorporated in Pennsylvania;

    f.    Plaintiff IAG INDUSTRIAL CENTER, INC. is a distribution center operating in Pennsylvania and incorporated in Tennessee;

    g.    Plaintiff THE HANCOCK COMPANY is a manufacturing facility operating in Pennsylvania and incorporated in Tennessee;

    h.    Plaintiff THE PICKETT COMPANY is a manufacturing facility operating in Tennessee and incorporated in Tennessee;

      i.      Plaintiff CROSSVILLE FABRIC CHILE S.A. is a wool mill operating in Chile; and

      j.      Plaintiff TOM JAMES CHILE S.A. is a manufacturer in Chile.

(Complaint ¶¶ 3-12.)

    **B.**    **Facts Regarding Zurich American And Certain Plaintiffs**

Defendant Zurich American is a company incorporated in New York with its principal place of business in Illinois. (Exhibit 1, Eckardt Declaration, ¶ 4.) Information obtained from the websites of Certain Plaintiffs show that they do not have any locations in Indiana. (Exhibit 2, Declaration of Dennis Cantrell, ¶¶ 4-8, Attachments A-E) In particular, English American Tailoring appears to be located in Westminster, Maryland. (*Id*. at ¶ 4, Attachment A.) Individualized Shirt Company has its manufacturing business in Paterson, New Jersey. (*Id*. at ¶ 5, Attachment B.) Oxxford Clothes XX, Inc. operates in Chicago, Illinois. (*Id*. at ¶ 6, Attachment C.) Holland & Sherry, Inc. has locations in New York; Atlanta, Georgia; Boston, Massachusetts; Chicago, Illinois; Dallas and Houston in Texas; Dania Beach, Florida; Washington D.C.; Seattle, Washington; San Francisco and Los Angeles in California; and foreign countries and cities including, Dubai, Germany, London, Paris and Russia. (*Id*. at ¶ 7, Attachment D.) Crossville Fabric Chile S.A. has its location in Chile. (*Id*. at ¶ 8, Attachment E.)

**III.**    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal based on the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Certain Plaintiffs bear the burden of establishing personal jurisdiction over Zurich American, a foreign defendant. *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015).

In determining whether personal jurisdiction exists in response to a Rule 12(b)(2) motion, the court accepts all well-pleaded allegations in the complaint as true but may also consider outside

materials such as affidavits. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Depuy Synthes Sales, Inc. v. OrthoLA, Inc.,* 403 F. Supp. 3d 690, 696 (S.D. Ind. 2019), aff'd, 953 F.3d 469 (7th Cir. 2020). If, as here, the defendant submits declarations or other outside materials challenging personal jurisdiction, the plaintiff has an obligation to submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003). If such a factual dispute exists, the court must hold a hearing at which the plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Id.*; *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). However, when the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Purdue Research*, 338 F.3d at 782.[3]

### IV. THIS COURT LACKS PERSONAL JURISDICTION OVER ZURICH AMERICAN AS TO CERTAIN PLAINTIFFS' CLAIMS

In a diversity case, a federal district court has personal jurisdiction over a nonresident defendant "only if a court of the state in which it sits would have such jurisdiction." *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987). Two conditions must be met to establish personal jurisdiction over a defendant with regard to a plaintiff's claims against it: (1) the forum state's long-arm statute must confer personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction must comply with the due process requirements of the Fourteenth Amendment. *uBID Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)).

The first step in this analysis is not an issue in Indiana federal courts because the Indiana long-

---

[3] This Court can determine that it lacks personal jurisdiction over certain claims before deciding whether it has subject matter jurisdiction, specifically, the existence of diversity jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999); *John Crane, Inc. v. Shein Law Center, Ltd.*, 891 F.3d 692, 696 (7th Cir. 2018); *Weisskopf v. Marcus*, 695 Fed.Appx. 977, 978 (7th Cir. 2017).

arm statute, *Ind. Code Ann.*, Title 34, Trial Rule 4.4, is co-extensive with Fourteenth Amendment Due Process. *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985); *First National Bank of Louisville v. Bezema*, 569 F.Supp. 818, 819 (S.D. Ind. 1983). Thus, the determination of whether a defendant is subject to *in personam* jurisdiction relating to claims against it brought in an Indiana court turns on whether constitutional due process requirements are met. *Wilson v. Humphreys, Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990).

The Due Process Clause permits personal jurisdiction over a nonresident defendant when the nonresident defendant has (1) purposefully established minimum contacts with the forum state, (2) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).

As set forth below, Certain Plaintiffs have not and cannot meet their burden of proving ether of the two requirements under the Due Process Clause such that this Court may properly exercise jurisdiction over Zurich American as to their claims.

### A. Certain Plaintiffs Cannot Satisfy The "Minimum Contacts" Requirement Of The Due Process Clause

Under the minimum contacts inquiry, a plaintiff must show that the non-resident defendant's conduct in the action is connected to the forum state and that, because of such conduct, the defendant can reasonably anticipate being haled into court in that state. *Burger King,* 471 U.S. 462, 474 (1985). To meet the minimum contacts test, Certain Plaintiffs must establish either general jurisdiction or specific jurisdiction over Zurich American. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 923 (2011).

### 1.  This Court Does Not Have General Jurisdiction Over Zurich American As Certain Plaintiffs' Claims.

General jurisdiction concerns the circumstances where, based on the defendant's overall activities in the state, a court may exercise jurisdiction over the defendant for causes of action unrelated to the defendant's in-state activities. Certain Plaintiffs cannot establish that the Court has general jurisdiction over Zurich American. Recently, the United States Supreme Court narrowed the minimum contacts test used to determine whether general jurisdiction exists such that it satisfies the Due Process Clause. *See Goodyear,* 564 U.S. at 919-920 (2011); *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *BNSF Railway Co. v. Tyrrell,* 137 S.Ct. 1549, 1558-1559 (2017).

In *Goodyear,* the United States Supreme Court held that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear,* 564 U.S. at 919-20 (2011).

In 2014, the United States Supreme Court interpreted the reference "at home," in *Goodyear,* as the corporation's principal place of business and state of incorporation. *Daimler,* 571 U.S. at 137. The Court stated that a defendant's operations in a state other than its home state would have to be "so substantial and of such a nature as to render the corporation at home in the State" before "general jurisdiction" could be exercised; such a case would be "an exceptional case." In rejecting the argument that general jurisdiction can "be premised solely upon 'continuous and systematic' contacts with a forum state," the Supreme Court held that such exercise would be "unacceptably grasping." *Id*. at 137-38. The United States reiterated that standard in its 2017 decision of *BNSF Railway. BNSF Railway,* 137 S.Ct. 1549, 1558-1559 (2017). As *Daimler* instructs, and *BNSF* reaffirms, "[a] corporation that operates in many places can scarcely be deemed at home in all of

them.  Otherwise, 'at home' would be synonymous with 'doing business' . . ." *Id.* at 1559; *Daimler*, 571 U.S. at 139 n.20.

Consistent with *Daimler* and *BNSF, t*o be subject to general jurisdiction in a forum, the defendant's contacts with the forum "must be so extensive as to be tantamount to the defendant being constructively present in the forum to such a degree that it would be fundamentally fair to require it to answer in [that forum] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *NExTT Solutions, LLC v. XOS Technologies, Inc.*, 71 F.Supp.3d 857, 861 (N.D. Ind. 2014) (internal quotations omitted).  The general jurisdiction standard is rigorous because "the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID,* 623 F.3d 421, 426 (7th Cir. 2010).

Here, Zurich American is not subject to general jurisdiction in the Indiana courts.  Zurich American was formed under the laws of New York with its principal place of business in Illinois.  That is, Zurich American is "at home" in New York and Illinois and is not "at home" in Indiana.  Further, Certain Plaintiffs have not and cannot set forth any to facts which establish an "exceptional case" to allow general jurisdiction over Zurich American in Indiana.  It would be fundamentally unfair to allow Certain Plaintiffs to sue Zurich American in Indiana for their injuries sustained all over the world.  Accordingly, the Indiana courts do not have general jurisdiction over Zurich American.

### 2.     This Court Does Not Have Specific Jurisdiction Over Zurich American.

Specific jurisdiction is authorized when a defendant's in-state activities with respect to the transaction underlying the litigation gave rise to the plaintiff's claims. *Daimler*, 571 U.S. 117, 126 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 nn. 8, 9 (1984). The determination of personal jurisdiction over a defendant applies to each plaintiff's claims separately.

8

*Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017).  In *Bristol-Myers,* the Court rejected the assertion that a defendant was subject to suit in California as to claims asserted by non-California residents just because California residents were also joined as plaintiffs.  As the Court said, "As we have explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.'  This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents.  Nor is it sufficient—or even relevant—that BMS conducted research in California on matters unrelated to Plavix.  What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*. (citation omitted).

Predicting the Supreme Court's analysis in *Bristol-Myers*, the Northern District of Illinois reached the same conclusion.  *In re Testosterone Replacement Therapy Products Liability Litigation Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1047 (N.D. Ill. 2016).  As the court said there: "[I]t is of no avail to one plaintiff that the Court has personal jurisdiction over the defendant with regard to the claims of a different plaintiff.  Based on the rationale underlying the 'minimum contacts' requirement as well as sensitivity to 'traditional notions of fair play and substantial justice,' that the specific personal jurisdiction inquiry in this case must be conducted separately for the claims of each individual plaintiff."  *Id.* (citations omitted).

"Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the due process] requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  *Burger King,* 471 U.S. 462, 472 (1985) (citations omitted); *Kinetech, LLC v. Williams & Lake, LLC* 2014 WL 6895937, at *2 (S.D. Ind., Dec. 3, 2014).

Here, only Tom James Company (which alleges executive offices in Indiana) can demonstrate that Zurich American "purposefully directed" its activities at Indiana residents, and that those activities are the basis of its claims. All other Plaintiffs (*i.e.*, Certain Plaintiffs), who are based elsewhere and do not seek coverage with respect to locations in Indiana, cannot make that showing. The named insured on the Policy is Tom James Company, a Tennessee corporation that alleges executive offices in Indiana. Certain Plaintiffs allege that they have retail and manufacturing facilities in Maryland, New Jersey, Illinois, New York, Pennsylvania, Tennessee and Chile. (*See* Complaint, ¶¶ 3-12.) Certain Plaintiffs allege that they have suffered injuries in each of those locations due to their local governments' enactment of governmental actions and ordinances intended to lessen the spread of the COVID-19 Coronavirus. (Complaint, ¶¶ 21.) Not one of the Plaintiffs other than Tom James Company alleges or could allege that it operates retail or manufacturing facilities in Indiana or that it has suffered any injury in Indiana. (*See* Complaint, ¶¶ 3-12; Exhibit 2, ¶¶ 4-8, Attachments A-E.) In fact, the only material connection Indiana has with this case it that Indiana is the home of Tom James Company's "executive offices." Accordingly, Certain Plaintiffs cannot establish, as to them, that Zurich American "purposefully directed" its actions at Indiana residents, and the fact that the Court has personal jurisdiction as to the claims of *another plaintiff* does not suffice to create personal jurisdiction over Zurich American as to *their* claims. *Bristol-Myers,* 137 S. Ct. at 1781. Therefore, the Court lacks personal jurisdiction over Zurich American as to their claims.

    **B.    Certain Plaintiffs Cannot Satisfy The Reasonableness Inquiry Prong Of The Due Process Clause**

Even if the "minimum contacts" have been established (which it has not), "[t]he second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'-that is, whether it is reasonable under the circumstances of the particular case." *Int'l Shoe,* 326 U.S. 310 (1945); *Burger King,* 471 U.S. at

478 (1985). Recently, the United States Supreme Court recognized that the primary concern as to whether the exercise of jurisdiction is reasonable is "the burden on the defendant." *Bristol-Myers Squibb,* 137 S.Ct. 1173, 1780 (2017). That burden requires the court to not only assess "the practical problems resulting from litigating in the forum" but also to assess "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Id.* "[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'" *Id.* (quoting *Hanson v. Denckla,* 357 U.S. 235, 251 (1958)). Accordingly, the Supreme Court reiterated its federalism concerns stating that

> [e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

*Id.* at 1780-81.

Here, even if Certain Plaintiffs could establish that Zurich American has the requisite minimum contacts with Indiana for their claims (which they cannot), it would be unreasonable for this Court to exercise jurisdiction over Zurich American. Zurich American has no connections whatsoever to Indiana as to Certain Plaintiffs' claims. Further, Indiana has little legitimate interest in litigating any issues between Zurich American and Certain Plaintiffs because neither the parties or the causes of action have any connection with Indiana. For these reasons, it is not appropriate for this Court to exercise jurisdiction over Zurich American as to Certain Plaintiffs' claims in this forum.

## V. CONCLUSION

Because Certain Plaintiffs cannot establish that this Court has personal jurisdiction over Zurich American as to their claims, this Court must dismiss the claims of all Plaintiffs except Tom James Company.

                            Respectfully submitted,

                            /s/Dennis F. Cantrell
                            Dennis F. Cantrell, #10794-49

                            *Attorney for Defendant, Zurich American Insurance Company*

KATZ KORIN CUNNINGHAM
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204
Telephone:  (317) 464-1100
Facsimile:  (317) 464-1111
Email:  dcantrell@kkclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by the court's electronic filing system and/or First Class, United States Mail, postage prepaid:

George M. Plews
Gregory M. Gotwald
Tonya J. Bond
Aaron J. Brock
PLEWS SHADLEY RACHER & BRAUN, LLP
1346 N. Delaware Street
Indianapolis, IN  46202
***Counsel for Plaintiffs***

                            /s/ Dennis F. Cantrell
                            Dennis F. Cantrell