UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOM JAMES COMPANY, | ) |
| ENGLISH AMERICAN TAILORING | ) |
| COMPANY, | ) |
| INDIVIDUALIZED SHIRT COMPANY, | ) |
| OXXFORD CLOTHES XX, INC., | ) |
| HOLLAND & SHERRY, INC., | ) |
| FRANKLIN CLOTHING COMPANY, | ) |
| IAG INDUSTRIAL CENTER, INC., | ) |
| HANCOCK COMPANY, | ) |
| PICKETT COMPANY, | ) |
| CROSSVILLE FABRIC CHILE S.A., | ) |
| TOM JAMES CHILE S.A., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:20-cv-01415-JPH-DML |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JURISDICTIONAL SHOW CAUSE ORDER**

Defendant Zurich American Insurance Company filed a notice of removal alleging that this Court has diversity jurisdiction even though two Plaintiffs— Oxxford Clothes XX, Inc. and Holland & Sherry, Inc.—are not diverse from Defendant.  Dkt. 1 at 2–4.  Defendant has also filed a motion to dismiss the claims brought by all Plaintiffs except Tom James Co. for lack of personal jurisdiction.  Dkt. 10.

For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states.  28 U.S.C. § 1332(a).  Diversity

1

jurisdiction requires that diversity of citizenship be "complete."  *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) ("[N]one of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen.").  Complete diversity must exist at the time of removal.  *Altom Transp. v. Westchester Fire Ins.*, 823 F.3d 416, 420 (7th Cir. 2016).  The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Here, complete diversity does not exist because Defendant is a citizen of New York and Illinois; Plaintiff Oxxford Clothes XX, Inc. is a citizen of Illinois; and Plaintiff Holland & Sherry, Inc. is a citizen of New York.  Dkt. 1 at 2–4. Defendant has moved to dismiss the claims brought by those Plaintiffs for lack of personal jurisdiction.  Dkt. 10.  But while personal jurisdiction may be addressed before subject-matter jurisdiction, a federal court "[c]ustomarily . . . first resolves doubts about its jurisdiction over the subject matter."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).  Since the notice of removal acknowledges a lack of complete diversity, "subject-matter jurisdiction is resolved 'as eas[ily] as personal jurisdiction.'"  *Id.* at 586.  And when subject-matter jurisdiction "involves no arduous inquiry . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."  *Id.* at 587–88.

2

Therefore, the Court **ORDERS** Defendant Zurich American Insurance Company to show cause **by June 24, 2020** why this case should not be remanded for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 6/9/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Tonya J. Bond
PLEWS SHADLEY RACHER & BRAUN LLP
tbond@psrb.com

Aaron J. Brock
PLEWS SHADLEY RACHER & BRAUN LLP
abrock@psrb.com

Dennis F. Cantrell
KATZ  KORIN CUNNINGHAM, P.C.
dcantrell@kkclegal.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN LLP
ggotwald@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com