**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TOM JAMES COMPANY, ENGLISH AMERICAN TAILORING COMPANY, INDIVIDUALIZED SHIRT COMPANY, OXXFORD CLOTHES XX, INC., HOLLAND & SHERRY, INC., FRANKLIN CLOTHING COMPANY, IAG INDUSTRIAL CENTER, INC., THE HANCOCK COMPANY, THE PICKETT COMPANY, CROSSVILLE FABRIC CHILE S.A., and TOM JAMES CHILE S.A., <br><br>         Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br>         Defendant. | CASE NO. 1:20-cv-01415-JPH-DML |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND RESPONSE TO ZURICH'S JURISDICTIONAL STATEMENT

Zurich's lengthy briefing cannot obscure three dispositive facts. One, diversity is incomplete. Two, Tom James alleges that it is a citizen of Indiana. Three, this case arises out of a policy that Zurich sold to Tom James that expressly insures all Tom James subsidiaries, including each of the plaintiffs Zurich seeks to dismiss.[1]

---

[1] Zurich does not (and cannot) deny that Indiana courts have jurisdiction over it. Zurich has cases currently pending in Indiana courts all over the state, including in Marion County and including cases Zurich itself filed. *See, e.g., Brian Som v. Zurich Am. Ins. Co.*, Cause No. 49D14-2004-CT-014315 (Marion Superior Court, Civil Division 14, filed Apr. 22, 2020); R*oadsafe Traffic Systems Inc. v. Zurich Am. Ins. Co.*, Cause No. 29C01-2004-PL-002865 (Hamilton Circuit Court, filed Apr. 8, 2020); *Walsh Constr. Co. v. Zurich Am. Ins. Co.*, Cause No. 10C02-1910-PL-000131 (Clark Circuit Court 2, filed Oct. 16, 2019); *Larry Boffo v. Zurich Am. Ins. Co.*, Cause No. 26D01-2001-CT-000067 (Gibson Superior Court, filed Jan. 15, 2020); *Tim Dewig v. Zurich Am. Ins. Co.*, Cause No. 82D01-1907-CT-003875 (Vanderburgh Superior Court 1, filed July 22, 2019); *Technicolor v. Zurich Am. Ins. Co.*, Cause No. 49D01-1810-PL-040578 (Marion Superior Court, Civil Division 1, Commercial Court, filed Oct. 9, 2018); *Zurich Am. Ins. Co. v. Teresa R. Wendt*, Cause No. 29D03-1809-CT-008702 (Hamilton Superior Court 3, filed September 14, 2018); *Ryan Stewart v. Zurich Am. Ins. Co.*, Cause No. 49D04-1803-CT-009493 (Marion Superior

The first fact frames the question. There is no diversity. Zurich agrees that its only route to federal jurisdiction is through the fraudulent-joinder gauntlet. "Fraudulent joinder is difficult to establish—a <u>defendant</u> must demonstrate that after resolving <u>all issues of fact *and law*</u> in favor of the plaintiff," the relevant plaintiff could not assert a claim against the defendant. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (alterations and quotations removed, underlining added); *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015). Zurich's assertions about how fraudulent joinder presents "complex" or "thorny" issues that the court should avoid under *Ruhrgas* are, put simply, fatal to its argument. Zurich, as the party asserting fraudulent joinder, bears the burden of establishing the complete clarity that is essential for the Court to ignore the nondiverse plaintiffs. *Schur*, 577 F.3d at 764. If there is doubt in a legal or factual issue, that doubt is resolved <u>against</u> Zurich, not in favor of it. *Id.*

Zurich's only basis for fraudulent joinder is its claim that the Indiana court lacks personal jurisdiction over the subsidiaries. That is the exact same argument it makes in favor of its motion to dismiss. Thus, for purposes of the Court's *Ruhrgas* discretion, it is actually <u>easier</u> for the court to analyze Zurich's arguments though the fraudulent-joinder lens than under the ordinary Rule 12(b)(2) standard. *Cf. Schur*, 577 F.3d at 764 ("A Rule 12(b)(6) inquiry is more searching than

---

Court, Civil Division 4, filed Mar. 8, 2018); *Circle Center Mall LLC v. Zurich Am. Ins. Co.*, Cause No. 29D01-1304-PL-002892 (Hamilton Superior Court 1, filed Apr. 1, 2013).

Zurich also has been involved in a number of Indiana appellate court decisions. *See, e.g. Zurich Am. Ins. Co. v. Circle Ctr. Mall LLC*, 124 N.E.3d 53 (Ind. 2019); *Zurich Am. Ins. Co. v. Circle Ctr. Mall, LLC*, 2019 Ind. App. LEXIS 2 (Ind. Ct. App. 2019); *Zurich Am. Ins. Co. v. Circle Ctr. Mall, LLC*, 113 N.E.3d 1220 (Ind. Ct. App. 2018); *Winston v. Zurich Am. Ins. Co.,* 2017 Ind. Super. LEXIS 17091 (Ind. 2017); *Walsh Constr. Co. v. Zurich Am. Ins. Co.,* 94 N.E.3d 298 (Ind. 2017); *Walsh Constr. Co. v. Zurich Am. Ins. Co.,* 2017 Ind. App. LEXIS 255 (Ind. Ct. App. 2017); *Walsh Constr. Co. v. Zurich Am. Ins. Co.,* 72 N.E.3d 957 (Ind. Ct. App. 2017); *Thomson Inc. v. Ins. Co. of N. Am.,* 11 N.E.3d 982 (Ind. Ct. App. 2014); *Brenon v. First Advantage Corp.,* 973 N.E.2d 1116 (Ind. Ct. App. 2012); *City of Evansville v. Zurich Am. Ins. Co.,* 965 N.E.2d 92 (Ind. Ct. App. 2012); *Cooper Indus. LLC v. City of S. Bend, et al.*, 899 N.E.2d 1274 (Ind. 2009); *Cooper Ind. LLC v. City of S. Bend, et al.*, 863 N.E.2d 1253 (Ind. Ct. App. 2007); *City of S. Bend v. Century Indem. Co., et al.*, 824 N.E.2d 794 (Ind. Ct. App. 2005); *City of S. Bend v. Century Indem Co., et al.*, 821 N.E.2d 5 (Ind. Ct. App. 2005); *Hannan v. Pest Control Servs.,* 734 N.E.2d 674 (Ind. Ct. App. 2000).

that permissible when a party makes a claim of fraudulent joinder.") (internal quotations omitted). Viewing the standards side-by-side makes this abundantly clear:

- Under Rule 12(b)(2), the <u>plaintiff</u> bears the burden of proof. The Court accepts as true the allegations in the complaint but "must decide whether any material [i.e., jurisdictional] facts are in dispute." *Hyatt Int'l Corp. v. Colo*, 32 F.3d 707, 713 (7th Cir. 2002). It can order discovery on the jurisdictional issues. *Purdue Research Found. v. Sanofi-Synthelbo, S.A.*, 338 F.3d 773, 778 (7th Cir. 2003). If the court holds a hearing, "the plaintiff must establish jurisdiction by a preponderance of the evidence." *Purdue*, 338 F.3d at 782. If it rules on the papers, the plaintiff still must make a prima facie showing that jurisdiction exists, with doubts in <u>conflicting</u> evidence resolved in its favor. *Id.* at 782.

- To prevail on a fraudulent joinder claim, "the <u>defendant</u> must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff," the plaintiff cannot pursue a claim. *Schur*, 577 F.3d at 764 (emphasis added). "[T]he district court must ask whether there is any reasonable possibility that the plaintiff could prevail." *Id.* (quotations omitted). If that possibility exists, the case must be remanded. *Id.*

Zurich and Tom James disagree on a number of facts and legal issues, including Tom James' citizenship, Zurich's contacts with Indiana, which state's law applies, and the economic and legal import of the subsidiaries' relationship with Tom James. On Zurich's motion to dismiss, all of those issues would have to be litigated and resolved in Zurich's favor before the Court could dismiss the plaintiffs.

Under the fraudulent-joinder standard, all these issues are automatically resolved <u>in favor of Tom James.</u> *Schur*, 577 F.3d at 764. Facts two and three should lead the Court to remand this case without hesitation. All eleven plaintiffs are insured under a single policy that Zurich sold to Tom James, which is an Indiana citizen.[2] All of the plaintiffs allege injury under a single policy and to a single interconnected stream of income arising from the governmental

---

[2] Zurich contends that Tom James is only a citizen of Tennessee. [Dkt. 9 at 1; Dkt. 9-1, ¶4.] That is not true. Tom James is incorporated in Tennessee, but it has executive offices (a "nerve center") at 8470 Allison Pointe Boulevard, Suite 140, Indianapolis, Indiana in Indianapolis. [Dkt. 1-1 at 3.]; *Hertz Corp. v. Friend*, 559 US 77, 79 (2010). Its President/Chief Executive Officer and Chief Administrative and Legal Officer are located here. It is a citizen of both Indiana and Tennessee.

orders related to the COVID-19 pandemic, and they all allege a single act of breach—Zurich's refusal to provide coverage.[3] Zurich's disagreement with these facts does not matter. Tom James's contentions are conclusive for purposes of Zurich's fraudulent-joinder claim.

The Court must remand the case if, on these facts, "there is any reasonable possibility" Zurich's personal-jurisdiction argument will fail as to the nondiverse parties. *Schur*, 577 F.3d at 764. That reasonable possibility is obvious here. The Supreme Court has long recognized that, when an insurer sells a policy to a forum resident, it "is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with the forum state." *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). In such cases, the contact "does not result from random or fortuitous occurrences and . . . makes it reasonably foreseeable that a lawsuit related to the [policy] would be brought in the [state]." *Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC*, 321 F. Supp. 3d 49, 58 (D.D.C. 2018). This is because the insurer, by selling the policy, chooses to "insur[e] a risk experienced by a forum resident." *Id.*

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) does not support Zurich's argument. The mass-tort claims in *Bristol-Myers* were all independent of one another. No contract bound them together. The particular product injuring the nonresidents (a drug) never traveled through, nor had any relationship with, the forum. *Bristol-Myers*, 137 S. Ct. at 1778–81. The Court was faced not with one controversy involving a mass of plaintiffs but with <u>hundreds of individual tort controversies,</u> most of which bore no relationship to the forum. *Id.* at 1778–81.

---

[3] As set forth in the Complaint [Dkt. 1-1 at ¶¶ 2–12, 16–18] and Tom James' opening brief [Dkt. 17 at 10], Tom James' vertical integration means that a loss suffered by one subsidiary ripples through the company causing other related losses. One subsidiary buys cloth and sells it (at a profit) to the manufacturing subsidiary. The manufacturing subsidiary, in turn, sells (at a profit) to Tom James' retail subsidiaries, which sells the finished goods (also at a profit).  If Zurich does not pay the loss of each subsidiary in full, it is injuring each subsidiary in the chain along with Tom James. Zurich understood this to be the case when it sold its worldwide policy to Tom James that provided coverage for business income losses suffered by one insured (a subsidiary) where its operations, like here, were impacted by a loss at a separate insured location. [Dkt. 1-1 at 49, sec. 4.01.01.]

This case is very different. Zurich sold its product (an insurance policy) <u>directly</u> to Tom James, a citizen of both Indiana and Tennessee. Zurich explicitly agreed to provide insurance coverage to all of Tom James' subsidiaries under that policy. [Dkt. 1-1 at 34.] Thus, when Tom James and the subsidiaries sued for breach of that policy, <u>all</u> of the claims were connected to Zurich's contacts with Indiana—the sale of the policy to an Indiana citizen and the subsequent breach of that policy. Here, there <u>is</u>, as *Bristol-Myers* required, "an affiliation between the forum and <u>the underlying controversy</u>, principally, an activity or other occurrence that takes place within the state and is therefore subject to the State's regulation." *Bristol-Myers*, 137 S. Ct. at 1780 (emphasis added).

The analysis is dispositive under the fraudulent-joinder framework. The Court must "resolv[e] <u>all issues of fact *and law*</u> in favor of the plaintiff," and that includes the substantial doubt about whether the *Bristol-Myers* Court would bar jurisdiction under the very different circumstances of this case. *Schur*, 577 F.3d at 764 (underlining added). That doubt makes the subject-matter-jurisdiction issue simple and easy.

In short, under *Ruhrgas*, the Court can, as Zurich proposes, adjudicate all of the complex factual and legal issues involved in the personal-jurisdiction issue. Or, it can simply observe that those facts <u>are</u> complex and disputed, the law <u>is</u> unclear, and there is <u>no</u> diversity. Under *Ruhrgas*, that combination should always trigger a remand order. Also for that reason, Zurich's removal is objectively unreasonable and should trigger a fee award.

The Court should **GRANT** Tom James' Motion to Remand, and it should and **DENY** Zurich's Motion to Dismiss as moot.

Respectfully submitted,

*/s/ Tonya J. Bond*
George M. Plews, #6274-49
Gregory M. Gotwald, #24911-49
Tonya J. Bond, #24802-49
Aaron J. Brock, #34996-49
Christopher E. Kozak, #35554-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202
Tel: 317.637.0700
Fax: 317.637.0710
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
abrock@psrb.com
ckozak@psrb.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The foregoing was filed electronically on June 30, 2020. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

| | |
|---|---|
| Dennis F. Cantrell<br>Katz Korin Cunningham<br>dcantrell@kkclegal.com<br><br>Patrick F. Hofer (admitted *pro hac vice*)<br>Clyde & Co US LLP<br>patrick.hofer@clydeco.us<br><br>*Counsel for Zurich American Insurance Company* | |

*/s/ Tonya J. Bond*