UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOM JAMES COMPANY, <br> ENGLISH AMERICAN TAILORING <br> COMPANY, <br> INDIVIDUALIZED SHIRT COMPANY, <br> OXXFORD CLOTHES XX, INC., <br> HOLLAND & SHERRY, INC., <br> FRANKLIN CLOTHING COMPANY, <br> IAG INDUSTRIAL CENTER, INC., <br> HANCOCK COMPANY, <br> PICKETT COMPANY, <br> CROSSVILLE FABRIC CHILE S.A., <br> TOM JAMES CHILE S.A., <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:20-cv-01415-JPH-DML <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING MOTION TO REMAND**

Tom James Company and its subsidiaries sued Zurich American Insurance Company in state court seeking a declaratory judgment that Zurich had an obligation to cover COVID-19-related business losses under a commercial property insurance policy. Dkt. 1-1 at 2–14. Zurich removed the case to federal court alleging diversity jurisdiction, dkt. 1, and then filed a motion to dismiss Tom James's subsidiaries ("Subsidiary Plaintiffs") for lack of personal jurisdiction. Dkt. 10. Plaintiffs filed a motion to remand. Dkt. 16. For the reasons below, Plaintiffs' motion to remand is **GRANTED**. Dkt. [16].

1

Zurich's motion to dismiss is **DENIED**.  Dkt. [10].  This case is **REMANDED** to the Marion County Superior Court.

# I.
# Facts and Background

Tom James and its subsidiaries manufacture and sell custom clothing and interior decoration fabrics in the United States and around the world.  Dkt. 1-1 at 5 ¶ 16.  Tom James sells its products through a network of direct sales "marketing units," which make sales calls to customers' homes and businesses.  *Id.* ¶¶ 16–17.

To insure against the risk of loss across its global operations, Tom James purchased a commercial property insurance policy ("the Policy") from Zurich.  *Id.* at 3 ¶ 30.  The Policy granted global coverage to Tom James as the "First Named Insured" and to "any subsidiary of the First Named Insured."[1]  *Id.* at 3 ¶ 31.

Because of government responses to the COVID-19 pandemic, Tom James closed or greatly reduced production at its manufacturing facilities and decreased sales through its retail units.  *Id.* at 7 ¶ 28.  Plaintiffs allege that they suffered business losses attributable to these government shutdowns.  *Id.* at 8 ¶ 32, 13 ¶¶ 41–42.  To offset their losses, Plaintiffs filed a claim under the Policy.  *Id.*  However, "Zurich has not agreed to cover Tom James' damages."  *Id.* at 13 ¶ 42.

---

[1] For purposes of resolving this motion, the Court accepts as true that the Subsidiary Plaintiffs are covered under the Policy.  Dkt. 17 at 2 n.2.

On April 10, 2020, Tom James and Subsidiary Plaintiffs sued Zurich in the Marion County Superior Court. *Id.* at 2. Plaintiffs seek a declaratory judgment that Zurich has a contractual obligation to cover their commercial losses arising from the pandemic. *Id.* at 2–3.

On May 15, 2020, Zurich removed the case to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 at 2 ¶ 3. Zurich then filed a motion to dismiss Subsidiary Plaintiffs—but not their parent company, Tom James—for lack of personal jurisdiction. Dkt. 1 at 4 ¶ 4; dkt. 10. Plaintiffs filed a motion to remand. Dkt. 16.

## II.
## Applicable Law

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject-matter jurisdiction can be based on a federal question, 28 U.S.C. § 1331, or diversity of the parties, 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity," meaning that "the presence of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Due process requires that federal courts have personal jurisdiction over a defendant. *Ruhrgas*, 526 U.S. at 577. "The primary focus of [a] personal

3

jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779 (2017).  That relationship may be established through either general or specific jurisdiction.  *Id.* at 1780.

Both subject-matter and personal jurisdiction must exist "on the day the suit was removed."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006).  If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded."  28 U.S.C. § 1447(c).  "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009).  Accordingly, complete diversity must exist at the time of removal to avoid remand for lack of subject-matter jurisdiction.  *Altom Transp. v. Westchester Fire Ins.*, 823 F.3d 416, 420 (7th Cir. 2016).

### III.
### Analysis

There is no dispute that complete diversity did not exist when Zurich removed the case to federal court.  Dkt. 32 at 1; dkt 34 at 1–2.  However, Zurich argues that remand is not required under the fraudulent-joinder doctrine, which provides an exception to the complete diversity requirement. *See Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); dkt. 32 at 10. Specifically, Zurich contends that Subsidiary Plaintiffs were fraudulently joined because an Indiana court would not have personal jurisdiction over Zurich with respect to the claims brought by Subsidiary Plaintiffs.  Zurich argues that

4

the Court should therefore disregard their citizenship when evaluating whether there was complete diversity when the case was removed.  Dkt. 10; dkt. 32 at 11; dkt. 33 at 2.  Plaintiffs argue that Subsidiary Plaintiffs were not fraudulently joined and the absence of complete diversity at the time of removal deprives the Court of subject-matter jurisdiction.  Dkt. 16 at 1.

While a district court may resolve subject-matter jurisdiction and personal jurisdiction in any order, subject-matter jurisdiction is customarily resolved first.  *Ruhrgas*, 526 U.S. at 577–78.  Indeed, "both expedition and sensitivity to the state court's coequal stature should impel federal courts to dispose" of subject-matter jurisdiction challenges when they "involve no arduous inquiry."  *Id.* at 587.

### A. "No arduous inquiry" in determining subject-matter jurisdiction

Zurich contends that subject-matter jurisdiction presents a "difficult and novel question" because Tom James fraudulently joined nondiverse Subsidiary Plaintiffs to defeat complete diversity.  Dkt. 32 at 5.

The fraudulent-joinder doctrine is an "exception" to the requirement of complete diversity that allows a court to disregard the citizenship of "nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *Morris*, 718 F.3d at 666.  There is no Seventh Circuit case applying the fraudulent joinder doctrine to nondiverse *plaintiffs*.  *Reeves v. Pfizer, Inc.*, 880 F.Supp.2d 926, 928 (S.D. Ill. 2012).  But district courts have had no difficulty applying the fraudulent joinder doctrine to nondiverse plaintiffs when a defendant has shown that a

5

nondiverse plaintiff was improperly joined to defeat diversity jurisdiction. *See e.g.*, Lerma v. Univision Commc'ns., Inc., 52 F.Supp.2d 1011, 1014 (E.D. Wis. 1999); Foslip Pharm., Inc. v. Metabolife Int'l., Inc., 92 F.Supp.2d 891, 903 (N.D. Iowa 2000).

To prove fraudulent joinder, the defendant bears a "heavy burden." *Morris*, 718 F.3d at 666. It "must show that, after resolving all issues of fact *and law* in favor of the plaintiff," *id.* (emphasis in original), either (1) "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court" or (2) "there has been outright fraud in a plaintiff's pleading of jurisdictional facts," *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310 (7th Cir. 1994).

Here, Zurich alleges that Subsidiary Plaintiffs "have no possible chance of success in state court" because Indiana state courts would not have personal jurisdiction over Zurich for the Subsidiary Plaintiffs' claims. Dkt. 32 at 11. But all issues of fact and law must be resolved in Plaintiffs' favor, so unless there is no possibility that specific personal jurisdiction could exist in state court, the fraudulent-joinder doctrine requires remand. *Morris*, 718 F.3d at 666. The parties dispute whether Subsidiary Plaintiffs' relationship to Tom James and shared coverage under the Policy binds Plaintiffs' claims together in a way that makes Indiana a proper forum for the claims of all named Plaintiffs. Dkt. 11 at 10; dkt 31 at 1–2. They also dispute whether the Supreme Court's 2017 *Bristol-Myers Squibb* decision is controlling. 137 S. Ct. 1773; dkt. 31 at 7.

In *Bristol-Myers*, a state court exercised specific personal jurisdiction over a defendant in a mass-tort pharmaceutical action that consolidated the claims of over 600 unrelated plaintiffs. *Id.* at 1777–79. The Supreme Court held that the state court could not exercise specific personal jurisdiction over the defendant for nonresident plaintiffs' claims because the court did not identify "any adequate link between the State and the nonresidents' claims." *Id.* at 1781. Thus far, the Seventh Circuit has not extended *Bristol-Myers*' holding outside mass-tort actions. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020) (holding that *Bristol-Myers* does not apply to nationwide class actions filed in federal court under federal statute).

To award Zurich the relief sought, the Court would have to extend *Bristol-Myers*' holding to the facts here. Zurich contends that under *Bristol-Myers*, "the fact that the Court has personal jurisdiction as to the claims of *another* plaintiff does not suffice to create personal jurisdiction over Zurich as to *their* claims." Dkt. 11 at 10. Zurich asks this Court to conclude that there is therefore "no chance" of an Indiana court properly exercising specific personal jurisdiction over Subsidiary Plaintiffs' claims. *See Morris*, 718 F.3d at 666. But whether *Bristol-Myers* applies to Subsidiary Plaintiffs' claims here an unsettled issue of law that must be resolved in Plaintiffs' favor.

Unlike the *Bristol-Myers* plaintiffs, who had no relationship to one another or to the forum state, Subsidiary Plaintiffs have a direct contractual relationship under the Policy with Tom James, an entity with citizenship in Indiana. Tom James and Subsidiary Plaintiffs are also bound together by

7

corporate design as Subsidiary Plaintiffs are organized under parent Tom James Company. *See* dkt. 1-1 at 2–14; dkt. 15 at 1. Last, all Plaintiffs allege the same injury under the Policy.

Considering these substantial factual distinctions along with the general rule that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum," *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000), the Court cannot say that there is "no possible chance" an Indiana court could exercise specific personal jurisdiction over the claim asserted by Subsidiary Plaintiffs against Zurich. Therefore, Subsidiary Plaintiffs were not fraudulently joined and the lack of complete diversity cannot be disregarded under the fraudulent joinder doctrine. Complete diversity did not exist at the time of removal, so remand is required. *See Altom Transp.*, 823 F.3d at 420.

    **B.**    **Plaintiffs are not entitled to attorney's fees.**

Courts may grant attorney's fees in a removal case when a defendant lacked an "objectively reasonable basis" for removal. 28 U.S.C. §1447(c); *Jackson County Bank v. Dusablon*, 915 F.3d 422, 424 (7th Cir. 2019). As explained above, district courts have discretion regarding the "hierarchy" of jurisdictional challenges, and personal jurisdiction turns on unresolved questions of law. Defendant was therefore not objectively unreasonable in arguing that this Court should resolve personal jurisdiction before subject-matter jurisdiction. Plaintiffs' request for attorney's fees is **DENIED**.

## IV.
## Conclusion

Plaintiffs' motion to remand is **GRANTED**, and their request for attorney's fees is **DENIED**.  Dkt. [10].  Zurich's motion to dismiss is **DENIED without prejudice**.  The parties' motions for leave to file supplemental authority are **GRANTED**.  Dkt. [36]; dkt. [38]; dkt. [39]; dkt. [40].

This case is **REMANDED** to the Marion County Superior Court.

**SO ORDERED.**

Date: 11/13/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Tonya J. Bond
PLEWS SHADLEY RACHER & BRAUN LLP
tbond@psrb.com

Aaron J. Brock
PLEWS SHADLEY RACHER & BRAUN LLP
abrock@psrb.com

Dennis F. Cantrell
KATZ KORIN CUNNINGHAM, P.C.
dcantrell@kkclegal.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN LLP
ggotwald@psrb.com

Patrick F. Hofer
CLYDE & CO US LLP
patrick.hofer@clydeco.us

Christopher Edward Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
ckozak@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com